FILED
2012 Nov-30 AM 11:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | |
|---|---|
| ANITA CLAY-BROWN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF DECATUR, ALABAMA;<br>DECATUR POLICE DEPARTMENT;<br>EDGAR TAYLOR, individually and in his official capacity as police chief of the DECATUR POLICE DEPARTMENT,<br><br>Defendants. | Case No.: ______________________ |

# COMPLAINT

COMES NOW the Plaintiff, by and through the undersigned attorney and for cause of action against the Defendants respectfully state as follows:

## I. INTRODUCTION

1. This action arises under the Fourth, and Fourteenth Amendments to the United States Constitution; and under federal law, specifically 42 U.S.C. §§ 1983 and 1988.

2. While the individual Defendants were acting in the scope of their employment and under color of state law, they made an unlawful detention of the

Plaintiff, Anita Clay-Brown, that resulted in the excessive use of force against her. The Defendants' actions caused injury to the Plaintiff.

3. This Action is also brought against the City of Decatur for its failure to properly train and supervise the individual Defendants in the proper use of force and techniques used to secure a suspect; proper dispatch policy, and its establishment of policies, procedures, practices, and customs regarding arrests that result in the excessive use of force and injuries to the Plaintiff.

## II. <u>JURISDICTION AND VENUE</u>

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1343, and 1367, and 42 U.S.C. §§ 1983, 1988, and venue is properly set in the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1391.

5. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

6. On information and belief, it is alleged that each of the named Defendants resides in this judicial district, with at least one defendant residing within the Northeastern division.

7. Plaintiff resides outside the state of Alabama.

8. The amount in controversy is in excess of $75,000.00.

## III. PARTIES

9. The Plaintiff, Anita Clay-Brown, is a citizen and resident of Sicklerville, New Jersey.

10. Defendant, City of Decatur, is a political subdivision of the State of Alabama. The City of Decatur is the political subdivision of the State of Alabama responsible for the training and supervision of the City of Decatur's police officers. The City of Decatur has established or delegated to Defendant Decatur Police Chief Edgar Taylor the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by City of Decatur regarding arrests and the use of force.

11. Defendant Edgar Taylor is the Chief of Police for the City of Decatur and upon information and belief is a resident of Decatur, Alabama.

## IV. FACTS

12. On July 22, 2011, Anita Clay-Brown was staying at the Best Western River City Hotel, 1305 Front Avenue Southwest, in Decatur, Alabama, with her husband, Lynn Brown.

13. Several of Ms. Clay-Brown's family members were also staying at the Best Western River City Hotel, including her daughter, Shuwanda Clay-Moate,

son-in-law, Jonathan Moate, Sr., two granddaughters, Anita Moate and Tashiana Moate, and two grandsons, Alteray Clay and Jonathan Moate, Jr.

14. At approximately 3:30 PM CST, Anita Clay-Brown and her family members returned from the funeral service of Ms. Clay-Brown's grandmother, which was the reason for their visit to Decatur, Alabama.

15. At approximately 3:45 PM CST, Jonathan Moate, Jr. came to the Plaintiff's room to inform her that the police were at the hotel and demanding that the Plaintiff's family leave the premises.

16. Ms. Clay-Brown went to the front desk area of the hotel to investigate where she encountered two City of Decatur Police Officers.

17. The Plaintiff, upon inquiring about why the family was being asked to the leave, was immediately responded to with hostility by the City of Decatur Police.

18. After inquiring a second time, the Plaintiff was, without provocation, grabbed by one of the City of Decatur Police Officers.

19. City of Decatur Police instructed the hotel staff to turn off the security cameras.

20. Two City of Decatur Police Officers then used tasers on the Plaintiff, which caused her to fall to the ground.

21. After the Plaintiff fell to the ground, one of the Police Officers shot her in the face with pepper spray.

22. City of Decatur police officers had no adequate training regarding the arrest or reasonable use of force.

23. Each of the City of Decatur police officers, individually, and in concert with others, acted under color of law in his/their official capacity, to deprive the Plaintiff, Anita Clay-Brown, of her rights to freedom under the Fourth, Eighth, and Fourteenth amendments.

24. City of Decatur police officers were negligent, willful, and wanton in their use of excessive force upon the Plaintiff, Anita Clay-Brown.

25. The actions of the Defendants resulted in injury to the Plaintiff, Anita Clay-Brown.

26. As a direct and proximate result of the intentional and/or negligent acts of Defendants, Anita Clay-Brown suffered damages in an amount that will be established at trial.

27. Plaintiff is entitled to compensation for the constitutional harms that all the Defendants inflicted upon her.

## V. CAUSES OF ACTION

### COUNT I
**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**
**(General Allegations)**

28. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-27 of this Complaint.

29. In committing the acts complained of herein, Defendants acted under color of state law to deprive Anita Clay-Brown of certain constitutionally protected rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United State including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right to be free from excessive use of force by persons acting under color of state law; and d) the right to be free from false arrest.

30. In violating the Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized seizure of Plaintiff. This resulted in the use of excessive force by Defendants, in violation of Plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

31. As a direct and proximate result of the violation of his constitutional rights by the Defendants, the Plaintiff was injured as alleged in this Complaint, and the Plaintiff is entitled to relief under 42 U.S.C. § 1983.

32. The conduct of the Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

**COUNT II**
**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**
**(Failure to Implement Appropriate Policies, Customs, and Practices)**

33. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-32 of this Complaint.

34. The Defendant, City of Decatur, Alabama, has adopted policies, procedures, practices or customs within the Decatur Police Department that allow, among other things, the use of excessive force when other more reasonable and less drastic methods are available.

35. The actions of Defendant City of Decatur, Alabama amount to deliberate indifference to the rights of the Plaintiff to be free of excessive force and unreasonable seizure under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

36. As a result of the deliberate indifference to the Plaintiff's rights by the City of Decatur, Alabama and its agents, servants and employees, the Plaintiff was injured, and the Plaintiff is entitled to relief under 42 U.S.C. § 1983.

## VI. DAMAGES

37. Plaintiff hereby incorporates by reference paragraphs 1-36 of the complaint as set forth above.

38. As a direct and proximate result of the aforementioned acts and/or omissions of the defendants, Anita Clay-Brown was injured. The damages for

which the plaintiff seeks compensation include, but are not limited to, the following:

a. physical pain and suffering;
b. emotional pain and suffering;
c. loss of enjoyment of life;
d. loss of wages;
e. punitive damages against the applicable Defendants;
f. attorney fees and costs of this action pursuant to 42 U.S.C. § 1988;
g. Pre and post judgment interest;
h. all such further damages and relief, both general and specific, to which the Plaintiff may be entitled under law.

## VII. PRAYERS FOR RELIEF

WHEREFORE, the above premises considered, Plaintiff demands:

A. That process issue to the Defendants and they be required to answer in the time allowed by law.

B. The judgment be rendered in favor of the Plaintiff and against the Defendants on all causes of action asserted herein.

C. That Plaintiff be awarded those damages to which it may appear she is entitled by the proof submitted in this cause for her injuries.

D. That Plaintiff be awarded compensatory damages in an amount to be determined by the jury;

E. That Plaintiff be awarded punitive damages against the Defendants.

F. That Plaintiffs be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. § 1988 (b) and (c).

G. That the Plaintiff be awarded pre and post judgment interest

H. That the Plaintiff receive any other further and general relief to which it may appear she is entitled.

I. A jury for the trial of this matter.

Respectfully submitted,

Cooper Ellenberg (ELL059)
ASB-8752-R79E
Hamock & Ellenberg
P.O. Box 190082
Birmingham, AL 35219
Telephone: (205) 210-8740
Fax: (205) 254-1500
E-mail: cooper@heattorneys.com

**OF COUNSEL:**

D.G. Pantazis, Jr. (PAN008)
ASB-3318-I72P
Wiggins, Childs Quinn & Pantazis, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0557
Fax: (205) 314-0757
E-mail: dpantazisjr@wcqp.com

Brett Hamock
ASB-0723-T60H
Hamock & Ellenberg
P.O. Box 190082
Birmingham, AL 35219
Telephone: (205) 210-8740
Fax: (205) 254-1500
E-mail: brett@heattorneys.com

**Plaintiff Demands Trial by Struck Jury on All Issues So Triable.**

**Please Serve Defendants as Follows:**

City of Decatur, Alabama
402 Lee Street Northeast
Decatur, AL 35601

Decatur Police Department
402 Lee Street Northeast
Decatur, AL 35601

Edgar Taylor
402 Lee Street Northeast
Decatur, AL 35601