IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ANITA CLAY-BROWN, | ) |
| Plaintiff, | ) |
| vs. | ) CV 12-J-3988-NE |
| CITY OF DECATUR, ALABAMA, et al., | ) |
| Defendants. | ) |

### Memorandum Opinion

Pending before the court are the motions to dismiss and briefs in support thereof for defendants Decatur Police Department (doc. 9 & 10), City of Decatur (doc. 11 & 12), and Police Chief Edgar Taylor (doc. 13 & 14). Plaintiff has filed a response in opposition and in the alternative a motion for leave to amend the complaint (doc. 18). Having considered the foregoing, the court finds as follows:

### Factual Background[1]

On July 22, 2011, plaintiff, Anita Clay-Brown, and her family were at the Best Western River City Hotel in Decatur, Alabama (doc. 1 ¶¶ 12 & 13). At approximately 3:45 PM, plaintiff received word that her group had been told to leave (doc. 1 ¶ 15). Plaintiff went to the front desk area of the hotel to investigate where she encountered

---

[1] "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," therefore, the facts presented here, unless otherwise noted, are taken from the Complaint (doc. 1). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

two City of Decatur Police Officers (doc. 1 ¶ 16).

Plaintiff inquired about why the family was being asked to leave (doc. 1 ¶ 17). After inquiring a second time, plaintiff was grabbed by one of the City of Decatur Police Officers (doc. ¶ 18). The City of Decatur Police Officers instructed the hotel staff to turn off the security cameras (doc. ¶ 19). Two City of Decatur Police Officers then used tasers on plaintiff which caused her to fall to the ground (doc. ¶ 20). One of the police officers shot pepper spray in plaintiff's face after she fell to the ground (doc. ¶ 21).

## Standard of Review

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, the court must "accept the allegations of the complaint as true and construe them 'in the light most favorable to the plaintiff.'" *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir. 2004) (citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)). Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "In order for the plaintiff to satisfy his 'obligation to provide the grounds of his entitlement to relief,' he must allege more

than 'labels and conclusions'; his complaint must include '[f]actual allegations [adequate] to raise a right to relief above the speculative level.'" *Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1964-65).

## Legal Analysis

Defendants have moved to dismiss the Decatur Police Department, Decatur Police Chief Edgar Taylor, and the City of Decatur because plaintiff has failed to state a claim under 42 U.S.C. § 1983 upon which relief can be granted. Plaintiff responds that the complaint is sufficient to state a claim under 42 U.S.C. § 1983 against each of the defendants. In the alternative, plaintiff asks for leave to amend her complaint if it is found deficient.

### I. Plaintiff has failed to state a claim under 42 U.S.C. § 1983 against the City of Decatur Police Department

In order to bring a maintainable claim in federal court under 42 U.S.C. § 1983, a plaintiff must assert a claim against an entity capable of being sued under the law of the state in which the action is brought: "[C]apacity to be sued shall be determined by the law of the state in which the court is located . . ." Rule 17(b)(3), Fed. R. Civ. P. Under Alabama law, only a municipality itself has the capacity to sue and be sued, as opposed to agencies, departments or divisions of the municipality. The Alabama Code

states:

> All municipal organizations now existing in the State of Alabama, whether incorporated under the general laws of the state or by special act of the legislative department of the state government, and now exercising corporate powers or functions and all towns and cities that may hereafter be incorporated under the provisions of this title shall be bodies politic and corporate, using a common seal, which may at any time be changed, and having perpetual succession under the name now used or hereafter assumed as provided in this title, and each under such name as the "City of ........" or "Town of ........," as the case may be, shall sue and be sued . . . .

§ 11-40-1, Code of Alabama (1975).

"Generally, the departments and subordinate entities of municipalities, counties and towns that are not separate entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority. . . . . Among subordinate entities generally lacking the capacity to sue or be sued separately are police departments . . . ." *Ex Parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010), *see also Ex Parte Haralson*, 853 So. 2d 928, 931 (Ala. 2003) ("It is clear under Alabama law that the sheriff's department is not a legal entity subject to suit."); *King v. Colbert County*, 620 So. 2d 623, 626 (Ala. 1993) ("King's complaint named the 'Colbert County Sheriff's Department' as a defendant. The Colbert County Sheriff's Department is not a legal entity. Therefore, one cannot maintain an action against it."); *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991) ("Sheriff's Department is not a legal entity subject to

4

suit. Therefore, a cause of action may not be maintained against the . . . Sheriff's Department."). The Eleventh Circuit has made the same observation. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (noting that both "sheriffs departments and police departments are not usually considered legal entities subject to suit."). The City of Decatur Police Department is therefore not a legal entity subject to suit under Alabama law and plaintiff's complaint is due to be dismissed against said defendant.

## II. Plaintiff has failed to state a 42 U.S.C. § 1983 claim against Chief Edgar Taylor

The complaint in this case alleges that Decatur Police Chief Edgar Taylor is sued "individually and in his official capacity as Chief of Police of the Decatur Police Department" (doc. 1 caption). Official capacity claims asserted against public officers or employees are not claims against the individual, but merely "another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 n.55 (1978); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Accordingly, keeping the claims against both the City of Decatur and Chief Taylor in his official capacity would result in an impermissible redundancy.[2] *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) ("To keep both the City

---

[2] Plaintiff acknowledges in her response that "precedent dictates the official capacity claim should be dismissed" (doc. 18 at 9 n.2).

and the officers sued in their official capacity as defendants in this case would have been redundant and possibly confusing to the jury.").

The sole allegation regarding Chief Taylor is that the City has "established or delegated to Defendant Decatur Police Chief Edgar Taylor the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by City of Decatur regarding arrests and the use of force" (doc. 1 at ¶ 10). The complaint is silent as to any act or omission on the part of Chief Taylor. The complaint simply alleges that "the Defendants" acted to deprive plaintiff Clay-Brown of her constitutional rights (*see* doc. 1 at ¶¶ 29 - 32). This is exactly the kind of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" the Supreme Court has made clear "do not suffice" to state a claim for violation of civil rights. *Iqbal*, 556 U.S. at 678. Plaintiff's claim against Chief Taylor is therefore insufficient to state a claim upon which relief may be granted under 42 U.SC. § 1983.

### III. Plaintiff has failed to state a claim under 42 U.S.C. § 1983 against the City of Decatur

A municipality is not subject to § 1983 liability under the doctrine of *respondeat superior* based upon the alleged unconstitutional conduct of its employees. *Monell*, 436 U.S. at 691 ("In particular, we conclude that a municipality cannot be held liable

*solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.") (emphasis in original); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("[r]*espondeat superior* or vicarious liability will not attach under § 1983."); *see also Busby*, 931 F.2d at 776. Rather, it is only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. Regardless of whether the basis of a § 1983 claim is an officially promulgated policy or an unofficially adopted custom, it must be the "moving force" behind the constitutional deprivation before liability may attach. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 819-820 (1985) (plurality opinion) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). As a consequence, "not only must there be some degree of 'fault' on the part of the municipality in establishing or tolerating custom or policy, but there also must exist a causal link between the custom or policy and the deprivation." *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1442 (11th Cir. 1985) (citing *Tuttle*, 471 U.S. at 821).

The complaint in this case alleges that the City "has established or delegated to Defendant Decatur Police Chief Edgar Taylor the responsibility for establishing and implementing policies, practices, procedures, and customs used by law

enforcement officers employed by City of Decatur regarding arrests and the use of force." (doc. 1 at ¶10). "[N]ot only must there be some degree of 'fault' on the part of the municipality in establishing or tolerating custom or policy, but there also must exist a causal link between the custom or policy and the deprivation." *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1442 (11th Cir. 1985) (citing *Tuttle*, 471 U.S. at 821). Other than the allegations quoted above, the complaint wholly fails to allege that Chief Taylor did or omitted to do anything at all with regard to the matters at issue in this case. There are no allegations of any kind regarding any conduct on the part of Chief Taylor which alleges that he established, implemented or recommended any constitutionally deficient policy, practice or procedure or how the same was deficient or defective in any way. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim under 42 U.S.C. § 1983). To the extent that plaintiff intends to premise her § 1983 claims against the City upon any alleged actions of Chief Taylor, it is clear that the Chief does not qualify under Alabama law as a "policymaker" for whose actions liability may be imposed against the City under *Monell*.

      Whether a particular governmental employee is a "policymaker" for *Monell* liability purposes is a question of state law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988). Under Alabama law, the policymaking authority of a municipality is

vested in the Mayor and the City Council. *See* Ala. Code § 11-43-81 ("The mayor shall be the chief executive officer, and shall have general supervision and control of all other officers and affairs of the city or town . . . ."); Ala. Code §11-43-43 ("All legislative powers and other powers granted to cities and towns shall be exercised by the council . . . .").

The Eleventh Circuit has specifically recognized that the Mayor and the City Council of municipalities in Alabama are the sole policymakers for *Monell* liability purposes. "A governmental employee is considered a 'final policymaker' for official liability purposes 'only if his decisions have legal effect without further action by the governing body, and if the governing body lacks the power to reverse the . . .employee's decision.'" *Templeton v. Bessemer Water Service*, 154 Fed. Appx. 759, 765 (11th Cir. 2005) (quoting *Holloman v. Harland*, 370 F.3d 1252, 1292 (11th Cir. 2004)) (citation omitted). Since an Alabama city council has the ability to supervise the police chief, prescribe his duties, and review his decisions, a police chief such as Chief Taylor does not qualify as a municipal "policymaker" for purposes of *Monell* liability.

Plaintiff also asserts that "the City of Decatur [failed] to properly train and supervise the individual defendants in the proper use of force and techniques used to secure a suspect" (*see* doc. 1 at ¶3). The Supreme Court has held that: "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a

9

'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *City of Canton*, 489 U.S. at 389. This deliberate indifference must constitute "a deliberate choice to follow a course of action . . . by city policymakers." *Id.*

"[A] plaintiff must present some evidence that the municipality knew of the need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). The Eleventh Circuit has "held that without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train and supervise." *Id.* at 1351. A § 1983 plaintiff must show a "history of widespread prior abuse" before a policymaker can be "put . . . on notice of the need for improved training or supervision." *Id.* (quoting *Wright v. Sheppard*, 919 F.2d 665, 674 (11th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In the context of civil rights complaints, the Supreme Court has recently explained that "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. There is no allegation

10

whatsoever in the complaint that any person who qualifies as a policymaker of the City of Decatur was aware of any prior instance where any similar alleged constitutional deprivation had allegedly occurred. The complaint does not allege that a similar constitutional deprivation had ever occurred. Plaintiff has therefore failed to meet the pleading requirements as established by *Twombly* and *Iqbal* and the allegations against the City of Decatur are due to be dismissed.

## Conclusion

Plaintiff has failed to state a claim under 42 U.S.C. § 1983 against the City of Decatur, the City of Decatur Police Department, or Chief Edgar Taylor. Plaintiff's claims are therefore due to be dismissed. Plaintiff's request for leave to file an amended complaint is granted. Plaintiff shall have twenty (20) days from today's date to file an amended complaint or the case will be dismissed in accordance with this opinion.

**DONE** and **ORDERED** this the 28th day of February 2013.

_____
INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE